## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

STEPHEN ALLEN SHEFFIELD,       :

          Plaintiff,        :

          VS.             :

Nurse ARNITA STEWART, *et al.*,    :     NO. 7:10-CV-98 (HL)

          Defendants.    :     **ORDER & RECOMMENDATION**

Plaintiff **STEPHEN ALLEN SHEFFIELD**, an inmate at the Colquitt County Jail ("CCJ") in Moultrie, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $23.40, as previously ordered by this Court. Plaintiff will be obligated to pay the unpaid balance of $326.60, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of CCJ.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v.*

*Gross*, 984 F.2d 392, 393 (11ᵗʰ Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11ᵗʰ Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11ᵗʰ Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11ᵗʰ Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11ᵗʰ Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28

2

U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff complains about deficient medical treatment at the CCJ. In addition to CCJ itself, plaintiff sues the following CCJ employees: Nurse Maria Law, Nurse Arnita Stewart, Corporal Hope Davis, Lieutenant Larry Byrd, and Captain Julius Cox.

First, plaintiff alleges that, prior to his incarceration, he was diagnosed with several psychiatric conditions ("manic-bipolar, manic-depressant, and PTSD"). Upon plaintiff's arrival at the CCJ, plaintiff alleges that Nurse Law discontinued three of the four medications plaintiff was taking. Plaintiff further alleges that he missed four psychological appointments that had been previously scheduled. Plaintiff advised Corporal Davis of the missed appointments; the next day, Lieutenant Byrd called plaintiff into his office to inform plaintiff that the CCJ "didn't have a contract with Georgia Pines Mental Health" and that the jail "couldn't help" with the VA appointments.

Second, plaintiff complains that he was not properly treated for at least two spider bites he received at the CCJ. According to plaintiff, for a bite he received on the evening of July 3, 2010, Nurse Stewart waited four days to examine plaintiff. When Nurse Stewart finally did see plaintiff, the spot on plaintiff's buttock, where the spider bit him, was allegedly the size of a baseball. Despite plaintiff asking to go to a hospital, Nurse Stewart refused. Another jail employee told plaintiff that he should have gone to the hospital, but that the "jail didn't want to spend the money for [plaintiff]." According to plaintiff, he was sick for two weeks thereafter.

3

For another spider bite, a nurse initially gave plaintiff antibiotics and Ibuprofen. Two days later, plaintiff's leg and foot doubled in size. At that point, Captain Cox decided to send plaintiff to a hospital for treatment. Plaintiff states that he received extensive treatment at the hospital, including taking cultures, lancing and packing plaintiff's leg, and prescribing the proper antibiotics. Plaintiff told his treating doctor about his July 3rd spider bite, to which the doctor allegedly replied that plaintiff should have been taken to the hospital for that bite. The doctor advised plaintiff not to take Keflex due to shots plaintiff had received.

After plaintiff's return to CCJ, Nurse Stewart allegedly gave plaintiff Keflex when the doctor's written instructions specified otherwise. Over the next several days, Nurse Stewart allegedly refused to change plaintiff's dressing, despite plaintiff's repeated requests and the wound continuing to bleed. Plaintiff states that he used half a roll of toilet paper to wipe his wound.

Finally, plaintiff complains that Corporal Davis denied him section 1983 forms.

Plaintiff asks this Court to "investigate" the CCJ and to grant him an award of substantial money damages. Under the facts alleged, this Court has no authority to investigate the CCJ. Thus, this action is treated as seeking damages only.

## III. DISCUSSION

### A. Dismissed Defendants

#### 1. CCJ

The CCJ is not a proper defendant, as it is not an entity capable of being sued. *See, e.g.,* *Waller v. Horn,* No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is a nonsuable entity for section 1983 purposes). Accordingly, it

4

is **RECOMMENDED** that the CCJ be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2. *Corporal Hope Davis*

Plaintiff alleges in his complaint that after he notified Davis that he had missed his psychological appointments, Davis apparently talked to her superior, Lieutenant Byrd. Clearly, Davis did not act with deliberate indifference with regard to plaintiff's missed appointments.

With regard to plaintiff's claim that Davis did not respond to his request for section 1983 forms, the fact that plaintiff was able to file this lawsuit on September 7, 2010, negates any inference that plaintiff was injured by Davis' alleged denial of forms.

Because plaintiff has not alleged any valid claim against Corporal Hope Davis, is hereby **RECOMMENDED** that Davis be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy of this order.

### 3. *Captain Julius Cox*

Plaintiff's only allegation against Captain Julius Cox is that he authorized plaintiff's hospital visit on August 24, 2010. Plaintiff has alleged no conduct on the part of Cox that satisfies the requirements for a finding of deliberate indifference. Accordingly, it is **RECOMMENDED** that Captain Cox be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served a copy of this order.

### B. *Remaining Defendants*

Construing the complaint liberally in favor of plaintiff, the Court determines that plaintiff's claims against Lieutenant Larry Byrd, Nurse Maria Law, and Nurse Arnita Stewart are sufficient to withstand frivolity review. Accordingly, the Court will allow the complaint to proceed against these three defendants.

Accordingly, it is hereby **ORDERED** that service be made against defendants Lieutenant Larry Byrd, Nurse Maria Law, and Nurse Arnita Stewart, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them

and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the

court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## ELECTION TO PROCEED BEFORE THE

UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters.  In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 15th day of November, 2010.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr

10