IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| STEPHEN ALLEN SHEFFIELD, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 10-CV-98 (HL)** |
| Nurse ARNITA STEWART, | : |
| Nurse MARIA LAW, and | : |
| Lt. LARRY BYRD, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

The Plaintiff filed this action in September 2010, raising claims of deliberate indifference to serious medical needs. (Doc. 2). Presently pending herein are the Defendants=Motion for Summary Judgment (Doc. 18) and the Plaintiff's Motion to Amend (Doc. 22). The Court notified the Plaintiff of the filing of the Defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 21).

### Background

The Plaintiff filed this action on September 7, 2010, raising allegations of deliberate indifference to serious medical needs by the Defendants, who are employed at the Colquitt County Jail. According to Plaintiff=s Complaint, Plaintiff was confined at the Colquitt County Jail beginning on October 28, 2009. Plaintiff maintains that while confined at the Colquitt County Jail, he received only one of his prescription medications for his mental conditions, which was delivered by Defendant Law in a crushed form rather than as a whole pill, and that he was not taken

to his scheduled medical appointments. Plaintiff further contends that after receiving treatment at a local hospital on August 24, 2010 for spider bites, Defendant Stewart provided Plaintiff improper medication on one occasion and did not change the bandage on his leg wound on August 27, 2010. (Doc. 2).

*Motion for Summary Judgment*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the

2

movant is entitled to it." Fed.R.Civ.P. 56(e)(3).

In their Motion for Summary Judgment, the Defendants assert that the Plaintiff has failed to establish a claim of deliberate indifference to serious medical needs, in that he cannot establish the Defendants' knowledge of serious conditions and Defendants' intent to deprive Plaintiff of necessary treatment. It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

The Defendants have established by reference to the Plaintiff's Complaint that the Plaintiff received medical care for his conditions and that the Defendants did not deny Plaintiff medical care for any alleged injuries or conditions about which they had knowledge during the time period in question. (Docs. 2, 20). In his Complaint, Plaintiff sets out that Defendant Law told Plaintiff that she would obtain Plaintiff's medical records regarding his prior mental health treatment upon Plaintiff's entry into the jail in October 2009. (Doc. 2). According to Plaintiff, Defendant Law ultimately provided Plaintiff with one prescribed medication, and he was provided treatment including a hospital visit for his spider bites. *Id.*

Plaintiff's allegations in his Complaint establish that the Defendants provided medical care

to the Plaintiff when the Plaintiff appeared to have, or presented with, a medical need. The Defendants have thus met their burden to establish the absence of a genuine issue of material fact regarding the care and treatment provided for the Plaintiff. The burden now shifts to the Plaintiff to rebut the Defendants= summary judgment showing. *Celotex*, 477 U.S. at 324. The Court notes that the Plaintiff has failed to file a response to the Defendants= Motion for Summary Judgment, despite being ordered by the Court to do so. (Doc. 21).

Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to establish that the Defendants acted with deliberate indifference to any serious medical condition suffered by the Plaintiff. The Plaintiff's Complaint details the medical attention and treatment Plaintiff received for his mental conditions and spider bites while confined at the Colquitt County Jail. Plaintiff simply asserts that said treatment was inadequate.

To the extent that the Plaintiff disagrees with the course of treatment provided by the Defendants, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. AMere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). Furthermore, the Plaintiff has failed to establish that any delay in treatment exacerbated his conditions. A[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay.@ *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002). AAn inmate who

complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.@*Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff has failed to rebut the evidence of record establishing that the Plaintiff was provided with treatment for his medical conditions. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985). As in *Hamm*, the "evidence shows that [Plaintiff] received significant medical care while at the jail. Although [Plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference." *Id.*

Based on the Plaintiff=s failure to establish that Defendants acted with deliberate indifference to his serious medical needs, it is the recommendation of the undersigned that the Defendants= Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

## *Motion to Amend*

Plaintiff filed a Motion to Amend his Complaint on December 9, 2011, apparently seeking

to add new claims under the Americans with Disabilities Act. (Doc. 22). This motion was filed after the filing of Defendants' Motion for Summary Judgment (Doc. 18) and Defendants' Answer (Doc. 16).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> *(2) Other Amendments.* In all other cases (other than an amendment of right), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend was filed more than one year after the filing of his original Complaint and almost six (6) months after the filing of Defendants' Answer. (Doc. 22). Thus, Plaintiff may not amend his Complaint as of right, but must seek to add to his Complaint by leave of Court.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

6

The Court finds that Plaintiff acted with undue delay in seeking to add new claims. The Plaintiff waited over one year after filing his Complaint and almost two (2) months after the Defendants filed a dispositive motion to seek leave to amend, with no explanation for the delay. Accordingly, Plaintiff's Motion to Amend (Doc. 22) is hereby **DENIED**.

**SO ORDERED and RECOMMENDED**, this 23rd day of May, 2012.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb